| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address<br>270 South Tejon Street<br>Colorado Springs, Colorado 80903 | ▲COURT USE ONLY▲<br><br>DATE FILED<br>April 3, 2026 10:07 AM<br>FILING ID: 31E01735A066A<br>CASE NUMBER: 2026CV30825 |
| Plaintiff: MARK BRADLY BALDUS<br><br>**v.**<br><br>Defendants: THE HOME DEPOT U.S.A., INC. | Case Number:<br><br>Div.: |
| *Attorneys for Plaintiff:*<br>**Kanthaka Group**<br>John M. Scorsine, #37131<br>1465 N. Union Blvd., Suite 100<br>Colorado Springs, CO 80909<br>Tel: (719) 633-2222<br>Fax: (719) 822-0095<br>jscorsine@kanthakagroup.com | |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

COMES NOW, Mark Bradly Baldus ("Plaintiff"), by and through his undersigned counsel, the Kanthaka Group, and for his Complaint against the defendant, ("Defendant"), does state, allege and complain as follows:

## JURISDICTION

1. Plaintiff, Mark Bradly Baldus at all times relevant to this Complaint was and continues to be a resident of El Paso County, Colorado.

2. Defendant, The Home Depot U.S.A., Inc. , ("Home Depot") at all times relevant to this Complaint and upon information and belief, does business in the state of Colorado and maintains a business address of 2250 Southgate Road, Colorado Springs, Colorado. It is also known as Store Number 1518.

3. The facts which give rise to this Complaint occurred in El Paso County, Colorado, and venue is proper pursuant to C.R.C.P. 98(c).

4. This action was originally filed on Sep 4, 2026. Service was unable to be secured in a timely manner and the action was dismissed without prejudice on Jan 5, 2026 for lack of personal jurisdiction.

**EXHIBIT A-1**

5. This filing of the action is in compliance with C.S.R. 13-80-111, which provides in pertinent part:

> (1) If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction ... the plaintiff ... may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later...

6. This refiled action is of record within that 90-day period which allows for revival.

**7. <u>FACTS</u>**

8. On or about 5 September 2023, the Plaintiff was visiting the Home Depot for the purpose of making various purchases.

9. Pursuant to C.R.S. 13-21-115, the Plaintiff was an invitee of the Home Depot.

10. Home Depot and its agents were responsible for warning of any known dangers on the property including the consumer accessible areas in which lumber and other construction materials were stored.

11. Plaintiff was interested in purchasing a number of sheets of gypsum board, also known as drywall, each weighing approximately 55 pounds.

12. Neither a forklift nor operator were available and rather than waiting for one to become available to assist, Home Depot assigned a new employee to assist in the loading of the drywall onto a cart.

13. The stack of drywall had a broken one on the top so the employee said they can move it to the stack that was behind and to the left the Plaintiff.

14. Just prior to picking up the broken drywall sheet the employee said he needed to move a pallet jack out of the way.

15. Then both the employee and the Plaintiff picked up the broken sheet of drywall and proceeded to move it. Plaintiff had to walk backwards and turn to line up where they were to set this sheet of drywall.

16. This is when Mr. Baldus tripped over an obstruction or other hazard and fell backwards onto the concrete floor.

17. Without Plaintiff knowing it, the employee had moved the pallet jack behind Mr. Baldus and pushed under the pallet of the broken drywall which left part of the pallet jack right behind the Plaintiff, causing him to fall backwards.

18. The initial injuries included cervical and lumbar strain, left lower chest wall soft tissue trauma and damage to ribs. Mr. Baldus tried to break his fall with his left hand, arm and shoulder. This seemed to be the worst since it was very painful and difficult to move his left arm and shoulder.

19. This led to chronic pain, restricted movement, and an unstable gait during his intended period of recovery.

20. Ultimately, a second fall at his home at approximately 7:00pm on November 1, 2023.

21. Plaintiff was outside walking in the snow to his backyard fence gate. It appeared his fence gate was left open. As he got close to the gate he slipped in the snow and instinctively tried to catch himself by grabbing the fence gate with his left hand. His left side was closest to the fence.

22. He couldn't raise his left arm which caused him to land on his left shoulder.

23. This landed him in the Woodland Park Emergency room at approximately 8:00pm.

24. This second incident, caused by diminished arm strength and restricted mobility from the initial fall, exacerbated his injuries and culminated in a complete rotator cuff tear requiring surgical intervention of a total left shoulder joint replacement with a reverse shoulder joint at the Audubon Ambulatory Surgery Center.

25. The resulting mobility loss and compromised strength from the first injury and during his period of recovery therefrom, directly led to a second fall at home on November 1, 2023, which fully tore the rotator cuff tendons in his left shoulder, necessitating reverse shoulder replacement surgery.

26. This cascade of injury, pain, and disability has significantly affected his livelihood and quality of life.

27. Based on medical records, imaging, and physician evaluations, there is a clear causal link between the original incident and the progressive, debilitating outcome.

28. As a result of the aforementioned trip and fall the Plaintiff has suffered severe and permanent injuries.

**FIRST CLAIM FOR RELIEF**
**Negligence – Premises Liability**

29. Plaintiff incorporates by reference all previous paragraphs as set forth above.

30. Neither Home Depot nor its agents took any action to warn of the known dangerous condition posed by the cluttered area and the negligently placed pallet jack.

31. A prudent person would have taken steps to protect against the trip hazard which was a known danger.

32. As a result of the Defendant's negligence, Plaintiff has sustained severe, painful, and disabling bodily injuries, physical impairment, and other damages some of which are permanent.

33. Plaintiff has also sustained mental anguish and emotional damages related to such painful and disabling bodily injuries, loss of enjoyment of life and medical expenses, all past, present, and future.

34. Plaintiff has suffered additional injuries and damages to be proved at trial.

**WHEREFORE,** Plaintiff prays for damages for injuries enumerated above and for all allowable relief that is just and proper, and allowable under Colorado law.

**A JURY TRIAL IS HEREBY DEMANDED.**

**DATED** this 2nd day of April 2026.

Respectfully Submitted,

**THE KANTHAKA GROUP**

*/s/ John M Scorsine*
John M. Scorsine, Esq.
1465 North Union Boulevard, Suite 100
Colorado Springs, CO 80909
Ph. 719-633-2222

**EXHIBIT A-1**